130 Livingston Street  
Brooklyn, NY 11201

Howard H. Roberts, Jr.  
President



(718) 694-3892

May 9, 2008

**BY ECF**

Hon. Frederick Block  
United States District Court  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, New York  11201

      Re:    **Locicero v. New York City Transit Authority**  
               CV-06-4793 (FB)(JO)

Dear Judge Block:

      This office represents defendant in the above-entitled action. A pre-motion conference is presently scheduled for June 13 to establish a briefing schedule for defendant's Rule 56 motion. In accordance with the rules of the Court, the joint pre-trial order must be submitted on May 30, 2008. The purpose of this letter is to request, with the consent of plaintiff's counsel, a rescheduling of the submission date for the joint pretrial order.

      Although fact discovery was completed on March 31, 2008, plaintiff produced expert reports at the very end of the discovery period. Plaintiff's expert reports addressed damages -- purported economic loss and emotional injury. The parties agreed to complete expert disclosure, and defendant is in the process of retaining experts to address the contentions raised by plaintiff's experts. We note that plaintiff retired from the Transit Authority earning approximately $64,000, has worked continuously since (July 2004) at the New York City Human Resources Administration ("HRA"), has a substantially higher income at HRA, and continues to be a member of and pay into the same retirement system (NYCERS). Plaintiff's expert on economic loss estimates that plaintiff lost $971,000 apparently as a result of having failed to receive one or two promotions in 2004. Plaintiff also retained a psychiatric expert to support a claim for emotional damages, although she has never been treated in therapy.

MTA New York City Transit is an agency of the Metropolitan Transportation Authority, State of New York  
H. Dale Hemmerdinger, Chairman                        Elliot G. Sander, Executive Director and CEO

58-01 5505 11/07

At the pre-motion conference, this office will request permission to postpone further expert-related discovery until after resolution of the Rule 56 motion. The necessity of retaining an expert witness to counter plaintiff's expert report on economic issues may well be rendered moot, by the nature and scope of the Court's ruling in a Rule 56 motion. In addition, since it appears that front pay and back pay issues in this type of case are more properly addressed by the Court, and not a jury, (see Broadmax v. City of New Haven, 415 F.3d 265, 271 [2d Cir. 2005]), defendant may well re-assess whether it intends to present expert testimony. Resolution of the motion may obviate the necessity of conducting an independent psychological evaluation of plaintiff.

Because all discovery is not yet completed and because the pre-motion conference is scheduled June 13, it is requested that submission of the joint pre-trial order be deferred until and discussed at the June 13 conference, and that the Court consider defendant's request to postpone completion of expert disclosure until after the Rule 56 motion is resolved.

Thank you for your kind consideration in this matter.

Sincerely,

*Robert K. Drinan*

Robert K. Drinan
Assistant General Counsel

**By Fax (212-973-9577) and Mail**

cc:   Kenneth A. Goldberg, Esq.
      Goldberg & Fliegel LLP
      60 East 42nd Street, Suite 3421
      New York, New York  10165