## GOLDBERG & FLIEGEL LLP
ATTORNEYS AT LAW
60 EAST 42ND STREET, SUITE 3421
NEW YORK, NEW YORK 10165
www.goldbergfliegel.com

KENNETH A. GOLDBERG
MICHELE L. FLIEGEL

January 10, 2011

TELEPHONE: (212) 983-1077
FACSIMILE: (212) 973-9577

**BY ECF**

The Honorable Frederic Block
United States District Judge
United States District Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

Re: **Locicero v. New York City Transit Authority**
**06 Civ. 4793 (FB)(JO)**

Dear Judge Block:

We represent the Plaintiff in the above matter. We have received Mr. Drinan's January 10, 2011 letter to Your Honor, which makes reference to his January 5, 2011 letter motion relating to Plaintiff's experts. The purpose of this letter is to set forth Plaintiff's opposition to Mr. Drinan's prior letter of January 5, 2011. We will address other issues raised in Mr. Drinan's January 10, 2011 letter under separate cover and/or at the upcoming conference.

As a preliminary matter, we note that Plaintiff served expert reports in 2008 and, to date, Defendant has neither deposed Plaintiff's experts nor produced any rebuttal expert reports.

### A. Testimony Of Steven M. Kaplan

Defendant seeks to preclude the testimony of Plaintiff's economic damages expert Steven Kaplan. That application is baseless and should be denied.

Mr. Kaplan's testimony is relevant and admissible. This is shown by the text of his report, a copy of which has been provided to the Court. In employment discrimination actions, it is commonplace for the plaintiff to rely upon expert testimony as to economic damages.

Notably, Plaintiff produced Mr. Kaplan's expert report in 2008 and Defendant declined to depose Mr. Kaplan at that time or serve any rebuttal report. While Mr. Kaplan is available for deposition prior to trial, Defendant's counsel has not proposed a date for same.

Regarding any "updating" of Mr. Kaplan's report, Plaintiff reserves the right to update that report and/or modify his calculations after the Court rules upon Plaintiff's motion for reconsideration (which is to be filed shortly) and prior to trial.

At a minimum, Defendant's application is premature and should be denied on that ground. Defendant has not even deposed Mr. Kaplan, despite having his expert report since 2008.

In addition, Defendant appears to argue that Plaintiff separated from Defendant for a higher paying job. To the contrary, Plaintiff's subsequent position had a lower base salary.

B.  **Mr. Kaplan's Rates For Deposition**

Defendant objects to Mr. Kaplan's request for $1,750 for a deposition. This objection is without merit. The amount takes into account Mr. Kaplan's reasonable hourly rate, time for preparation for the deposition, travel time to and from Mr. Kaplan's office to the deposition in New York City, and time for the deposition itself. We submit that Mr. Kaplan's anticipated fee is clearly reasonable.

C.  **Second Medical Examination Of Plaintiff**

Defendant asks this Court to compel Plaintiff to submit to a second medical examination by Defendant's alleged medical expert Dr. Nassar. The application should be denied because in July 2008, Plaintiff underwent an examination by Dr. Nassar for about 4.5 hours and there is no basis to allow another examination of Plaintiff on the eve of trial.

In 2008, Plaintiff served an expert report by Dr. Goldstein in support of her claims for damages. Defendant retained Dr. Nassar as a rebuttal expert and Plaintiff underwent an examination by Dr. Nassar on July 9, 2008 for about 4.5 hours. Thus, Defendant conducted the examination that it was arguably entitled to perform in order to respond to Dr. Goldstein's report.

To date, Defendant has failed to produce any rebuttal expert report from Dr. Nassar, even though Dr. Nassar has had years to prepare a report. Defendants are not entitled to a second bite at the examination apple. Plaintiff underwent an examination in 2008 and it was Defendant's responsibility to have Dr. Nassar prepare an expert report, if any, to respond to Dr. Goldstein's report.

Plaintiff should not be compelled to undergo another examination by Dr. Nassar simply because Defendant failed to have Dr. Nassar prepare his report in 2008. Since Dr. Nassar examined Plaintiff in 2008, he should be able to write a report now. Plaintiff should not be forced to undergo an additional examination because of Defendant's actions.

Regarding any "updating" of Dr. Goldstein's report, Plaintiff reserves the right to update that report. At this juncture, Plaintiff does not intend to have Dr. Goldstein "update" his report.

D.  **Dr. Goldstein's Rates For Deposition**

Finally, Defendant objects to paying Dr. Goldstein $350 for one hour of travel time to and from a deposition. Given traffic conditions and other factors, it could take Dr. Goldstein one hour for round trip travel for a deposition. This issue is hardly worthy of the Court's time.

\* \* \*

Finally, we note that on November 30, 2010, the Court set a trial date for January 31, 2011. Clearly then, Defendant could have acted promptly and proposed deposition dates in December 2010 for Mr. Kaplan and Dr. Goldstein. Defendant did not do so.

We look forward to the January 18, 2011 conference.

Thank you for Your Honor's attention to this matter.

Respectfully submitted,

Kenneth A. Goldberg