130 Livingston Street
Brooklyn, NY 11201

Thomas F. Prendergast
President

 **New York City Transit**
(718) 694-3892

January 12, 2011

**BY ECF**

Hon. Frederic Block
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

Re:   **Locicero v. New York City Transit Authority**
CV-06-4793 (FB)(JO)

Dear Judge Block:

This office represents defendant in the above-entitled action.  By letter dated January 5, 2011, defendant requested certain relief with respect to two experts retained by plaintiff, a certified public accountant ("CPA") and a psychiatrist.  Specifically, defendant requested: 1) that the testimony and report of the CPA be precluded as irrelevant; 2) that plaintiff appear for an examination by defendant's psychiatric expert to assess plaintiff's present psychiatric condition; and 3) that the Court resolve fee disputes with plaintiff's experts.  Plaintiff's counsel has submitted a letter in opposition dated January 10, 2011.  This letter is defendant's reply to the opposition.

Plaintiff's opposition to the motion is largely conclusory.  For example, with respect to the CPA's report, defendant seeks to strike the report and testimony because plaintiff's only possible economic damage is the failure to receive a salary increase from March through July 2004.  A CPA cannot assist the jury on this issue.  The report is also fatally flawed, estimating that plaintiff is entitled to $971,000 in damages, an unjustified conclusion which can only confuse and mislead the jury.  In response, plaintiff contends that the existence of the report establishes its relevance.  One other example: the rates and travel expenses for both the CPA and psychiatrist are excessive.  The psychiatrist, for instance, seeks to be paid the professional rate of $350/hour and estimates an hour travel time to travel 12 blocks on the East Side.  The witness is only entitled to reasonable travel expenses, and it does not take an hour to travel 12 blocks. Plaintiff ignores the details and simply asserts that the requests are reasonable.

More troublesome is plaintiff's statement that "Defendant declined to depose Mr. Kaplan [the CPA] at that time [2008] or serve any rebuttal report … [and defendant] has not proposed a date [for Kaplan's deposition]". With respect to the psychiatrist, plaintiff's counsel states that "Defendant would have acted promptly and proposed deposition dates … Defendant did not do so". These statements are incorrect, and disingenuously suggest that defense counsel was dilatory.

Discussions about plaintiff's potential use of experts and their depositions were initiated by defendant in December. See emails annexed hereto. Initially, when contacted by defendant, plaintiff was unsure whether experts would be used. Subsequently, plaintiff decided to use the 2008 expert reports, but was (and is) unsure whether updated reports would be prepared. Plaintiff's counsel was advised that depositions of plaintiff's experts could not be conducted until plaintiff decided whether the reports would be updated. Plaintiff still has not decided.

Plaintiff's counsel has made similar dishonest suggestions in the past. See defendant's letter dated July 21, 2008, with attachments, docket number 37 and annexed hereto. As detailed in defendant's July 21, 2008 letter, plaintiff's counsel served incomplete expert reports on March 28 and March 31, 2008, even though discovery closed on March 31, 2008. Service of the incomplete reports at the very end of discovery violated the February 5, 2008 case management order. In an ill-advised act of professional courtesy, defendant agreed to complete expert discovery after the closure of discovery. As noted in defendant's December 13, 2010 email to plaintiff's counsel, when the case was expected to proceed to trial in 2008, defendant served deposition subpoenas on plaintiff's two experts, but the requested fees resulted in a request by defendant for the Court's assistance (letter dated July 14, 2008, docket no 33). The issues were not resolved because the case came off the trial calendar and a Rule 56 motion was thereafter submitted. At that time, it was uncertain whether there would be a trial, whether experts would be necessary, and certainly the depositions of the experts were unnecessary and resolution of the issues of the issues related to plaintiff's experts was unnecessary.

Plaintiff has still not decided whether either report will be updated. It is impossible to depose the experts with their final report. It is also impossible to have defense experts analyze and respond to plaintiff's experts without the final reports. Given plaintiff's psychiatrist's opinion in 2008 that plaintiff suffered from depression and continuing emotional distress, plaintiff must be re-examined to evaluate her current status. Perhaps plaintiff is attempting to gain a tactical advantage by not deciding whether the reports will be updated, thereby preventing meaningful depositions of the experts, and by not allowing plaintiff to be examined. Contrary to plaintiff's suggestion, however, defendant is not the reason the Court is being requested to decide these matters. Plaintiff's lack of

cooperation and unwillingness to resolve matters that require resolution prior to trial is unreasonable.

It is, therefore, respectfully requested that the instant motion be granted -- that the CPA's report and testimony be excluded, that plaintiff decide immediately whether the psychiatric report will be updated, that the final report be immediately provided to defendant, and that plaintiff be ordered to appear immediately for a psychiatric examination with defendant's expert or, alternatively, that all of plaintiff's expert reports and testimony be excluded.

Thank you for your kind consideration in this matter.

Very truly yours,

Robert K. Drinan
Assistant General Counsel

**By ECF**

cc:  Kenneth A. Goldberg, Esq.
     Goldberg & Fliegel LLP
     60 East 42nd Street, Suite 3421
     New York, New York  10165

## Drinan, Robert

**From:** Drinan, Robert
**Sent:** Monday, December 13, 2010 1:36 PM
**To:** KGldbrg@aol.com
**Cc:** Kamara, Baimusa; Jacobs, Prudence .J
**Subject:** Locicero

Ken:

     This email confirms our telephone discussion a few minutes ago about whether plaintiff intends to designate expert witnesses for trial.  When it appeared (two years ago) that plaintiff listed two individuals as experts: Dr. Robert Goldstein and Steven Kaplan.  Defendant served deposition subpoenas and it was agreed that the depositions of Goldstein and Kaplan would be held at your office and it was expected that the depositions would last approximately one hour.  The fees requested by these individuals, however, became an issue which resulted in defendant requesting an order from Judge Block.  The issues were not resolved at that time because the case came off the trial calendar and the motion for summary judgment was filed.

     Please advise whether you intend to list as trial witnesses either Goldstein or Kaplan.  Given that the constructive discharge claim has been dismissed, the testimony of Kaplan, a CPA, would not seem relevant.  You may recall that notice of plaintiff's two "experts" was served the day discovery closed.  Defendant thereafter retained an expert, Dr. Paul Nassar, who interviewed Plaintiff.  Because the case did not proceed to trial, Dr. Nassar did not prepare a report.  Should you intend to use Goldstein as a witness, Dr. Nassar will likely want to meet with plaintiff soon.  We would, of course, provide you with his report as soon thereafter as possible.

     Given the January 31 trial date, and the holidays on the near horizon, it is imperative that you advise whether Goldstein or Kaplan will be listed as witnesses.  In the event that one or both of these individuals is listed as a witness, I am certain that you understand that these discussions are without prejudice to defendant making any motion deemed appropriate.

     Please advise at your earliest convenience.

               Bob Drinan

**Drinan, Robert**

| | |
|---|---|
| **From:** | Kenneth A. Goldberg [kgldbrg@aol.com] |
| **Sent:** | Wednesday, December 15, 2010 12:26 PM |
| **To:** | Drinan, Robert |
| **Cc:** | 'Kenneth A. Goldberg' |
| **Subject:** | RE: Locicero |

At this juncture, Plaintiff intends to call both Dr. Goldstein and Steven Kaplan to testify at trial.

Kenneth A. Goldberg, Esq.
Goldberg & Fliegel LLP
60 East 42nd Street, Suite 3421
New York, New York 10165
(212) 983-1077 telephone
(212) 973-9577 facsimile
www.goldbergfliegel.com
kgldbrg@aol.com

Confidentiality Note: This email is confidential and is intended solely
for the use of the addressees. This communication may contain legally
privileged and/or confidential information. If you are not the intended
recipient of this email, you may not use, disseminate, forward, print,
or copy this email; doing so may violate the addressee's rights. If you
have received this email in error, please notify me immediately by
replying to this message and permanently delete the original and any
copy of this email and any printout of it.

**From:** Drinan, Robert [mailto:Robert.Drinan@nyct.com]
**Sent:** Monday, December 13, 2010 1:36 PM
**To:** KGldbrg@aol.com
**Cc:** Kamara, Baimusa; Jacobs, Prudence .J
**Subject:** Locicero

Ken:

    This email confirms our telephone discussion a few minutes ago about whether plaintiff intends to designate expert
witnesses for trial. When it appeared (two years ago) that plaintiff listed two individuals as experts: Dr. Robert Goldstein and
Steven Kaplan. Defendant served deposition subpoenas and it was agreed that the depositions of Goldstein and Kaplan would
be held at your office and it was expected that the depositions would last approximately one hour. The fees requested by these
individuals, however, became an issue which resulted in defendant requesting an order from Judge Block. The issues were not
resolved at that time because the case came off the trial calendar and the motion for summary judgment was filed.

    Please advise whether you intend to list as trial witnesses either Goldstein or Kaplan. Given that the constructive
discharge claim has been dismissed, the testimony of Kaplan, a CPA, would not seem relevant. You may recall that notice of
plaintiff's two "experts" was served the day discovery closed. Defendant thereafter retained an expert, Dr. Paul Nassar, who
interviewed Plaintiff. Because the case did not proceed to trial, Dr. Nassar did not prepare a report. Should you intend to use
Goldstein as a witness, Dr. Nassar will likely want to meet with plaintiff soon. We would, of course, provide you with his report as
soon thereafter as possible.

    Given the January 31 trial date, and the holidays on the near horizon, it is imperative that you advise whether Goldstein or
Kaplan will be listed as witnesses. In the event that one or both of these individuals is listed as a witness, I am certain that you

understand that these discussions are without prejudice to defendant making any motion deemed appropriate.

Please advise at your earliest convenience.

Bob Drinan

Case 1:06-cv-04793-FB-JO   Document 37   Filed 07/21/08   Page 1 of 3

130 Livingston Street
Brooklyn, NY 11201

Thomas G. Prendergast
President

 **New York City Transit**

(718) 694-3892

July 21, 2008

<u>**BY ECF**</u>

Hon. Frederick Block
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

          Re:   <u>**Locicero v. New York City Transit Authority**</u>
                CV-06-4793 (FB)(JO)

Dear Judge Block:

     This office represents defendant in the above-entitled action. At the pre-trial conference on July 18, 2008, plaintiff's counsel was advised that should certain claims be discontinued, the trial would proceed in July or possibly early September, but if the claims were not discontinued, counsel (consistent with the Court's Individual Practice Rules, 2(D)) would set up a briefing schedule for defendant's Rule 56 motion. Plaintiff's counsel was directed to advise the Court in writing by today as to whether certain claims would be discontinued. By letter filed electronically at 12:38 p.m. today, counsel advises that "plaintiff declines to voluntarily dismiss any claims" and she requests that the Court reconsider the July 18 proposal. While it is clear that the parties should establish a briefing schedule, a brief response to counsel's letter is warranted.

     In a disingenuous fashion, counsel misstates the procedural history of this case to suggest that the undersigned has been dilatory or delayed the litigation. It is not true. Initially it is noted that counsel claims that defendant "sought extensions of time" to respond to plaintiff's service of two expert reports which he incorrectly suggests were timely served. In the "second amended case management and scheduling order" issued February 5, 2008 (Orenstein, M. J.) (copy enclosed), "[a]ll discovery, including production of expert reports, if any, [were] to be completed by "March 31, 2008. The scheduling order (2[D]) expressly provided that the "initial [expert] reports" were required to be served "in

sufficient time for any rebuttal reports to have been served by the deadline". Plaintiff's counsel ignored this requirement, chose to fax one incomplete expert report to defendant on Friday, March 28 and another incomplete expert report on Monday, March 31, 2008, the day all discovery ended.

By letter dated April 2, 2008 (copy enclosed), this office requested preclusion of plaintiff's expert reports or, alternatively, an extension of discovery. In an exercise of professional courtesy, however, Judge Orenstein was advised that there was no objection to an extension of discovery. Judge Orenstein denied the request, closed discovery, but, as reflected in letters dated April 16 (to Judge Orenstein) and April 14 to this Court (copies enclosed), the parties agreed to complete expert disclosure after the deadline. In letters to this Court dated May 9 and June 25 (copies enclosed), defendant advised that a ruling would be sought to delay completion of expert discovery until after resolution of the Rule 56 motion. Plaintiff's delay in providing reports has caused these logistical issues.

With respect to defendant's intent to seek summary judgment, defendant requested a pre-motion conference, which was held on June 13. At the conference, however, a briefing schedule was not established. Instead, the matter was scheduled for trial on July 28 and, while discouraged, the Court agreed to permit submission of a fully briefed Rule 56 motion by July 15. It was understood that it was unlikely that motion papers in support, in opposition and in reply could be submitted within 30 days, while preparing for trial and fulfilling other unrelated litigation obligations. Indeed, plaintiff's counsel requested two weeks to respond to the motion, which would have allowed defendant ten days to prepare the motion and four days to reply to opposition. Counsel's assertion that defendant had 106 days to serve a motion and that defendant "has had more than sufficient time to file a motion" is a misstatement.

In any case, plaintiff's counsel has advised that no claims will be discontinued, and that even if claims were narrowed, "this would not alter the scale and scope of evidence that Plaintiff intends to submit at trial and would not shorten the trial". Given plaintiff's position, there is no basis or reason to alter the Court's prior directive. The fairest and most reasonable course is to permit defendant to seek Rule 56 review of all claims, and if any survive the motion, plaintiff can proceed to trial. The Rule 56 motion almost inevitably will limit, at a minimum, plaintiff's claims. Accordingly, it is requested that this case be removed from the trial calendar and that the parties be directed to set up a briefing schedule.

Thank you for your consideration in this matter.

Very truly yours,

Robert K. Drinan
Assistant General Counsel

**By Mail**

Kenneth A. Goldberg, Esq.
Goldberg & Fliegel LLP
60 East 42nd Street, Suite 3421
New York, New York  10165

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
LORETTA LOCICERO,                               SECOND AMENDED
                             Plaintiff,         CASE MANAGEMENT AND
                                                SCHEDULING ORDER

        -against-
                                                CV 06-4793 (FB) (JO)

NEW YORK CITY TRANSIT AUTHORITY,
                             Defendant.
---------------------------------------------------------------X

JAMES ORENSTEIN, Magistrate Judge:

I.      **DEADLINES AND COURT APPEARANCES**

        All discovery, including production of all
        expert reports, if any, to be completed by:      March 31, 2008

        Dispositive motion process started by:           April 14, 2008

        Joint pretrial order due by:                     April 28, 2008

        Pretrial Conference:                             May 5, 2008, at 11:00 a.m.

II.     **DISCOVERY**

        A.      **No stays of discovery absent an explicit court order.**  Discovery is not
automatically stayed by the pendency of a dispositive motion, settlement discussions between the
parties, referral to mediation, or an agreement between the parties to suspend discovery. Any
application for a stay of discovery must show good cause why such relief should be granted.

        B.      **Written discovery.**  Unless otherwise agreed to by the parties or so ordered by the
court, responses to any request for written discovery pursuant to Rules 33, 34, and 36 of the
Federal Rules of Civil Procedure are due no later than 30 days after service of the request. All
such requests and responses must conform to Local Civil Rules 26.3 (uniform definitions in
discovery requests), 26.5 (cooperation among counsel in discovery), 26.6 (attorney review of
form discovery requests), and 26.7 (discovery requests to be read reasonably).

        C.      **Depositions.**  Pursuant to Local Civil Rule 26.5, counsel are expected to
cooperate with each other, consistent with the legitimate interests of their clients, in scheduling
and conducting depositions.

      1.     If counsel cannot agree on a schedule for a given deposition, the deponent must appear at the date, time, and place set forth in a notice properly served pursuant to Fed. R. Civ. P. 30, unless excused by the party that served the notice or by the court.

      2.     Counsel are obligated to attempt in good faith to resolve any dispute that arises during a deposition before seeking judicial intervention.

      D.    **Expert discovery.** Unless specific deadlines for expert discovery are set forth above, the deadline for completing all discovery includes the production of all expert reports, including any rebuttal reports. The parties must ensure that they have completed underlying fact discovery, and that they have produced initial expert reports, in sufficient time for any rebuttal reports to have been served by the deadline. Unless otherwise ordered, or unless the parties agree to proceed otherwise, expert depositions may take place at any time before trial.

      E.    **Discovery disputes.** Parties are obligated to attempt in good faith to resolve discovery disputes before seeking judicial intervention. Any unresolved dispute must be brought to my attention in sufficient time for the dispute to be resolved and discovery to be completed according to the deadlines set forth above. Motions to resolve discovery disputes shall be litigated in accordance with my Individual Practice Rules and Local Civil Rules 37.3 and 6.4. Failure to submit a timely opposition in compliance with applicable rules may result in the motion being granted as unopposed.

      F.    **Timeliness of requests.** To be timely, a request for written discovery, deposition notice, or subpoena must be served in sufficient time for the responding party to comply with the request in full before the relevant discovery deadline. In the event that any such discovery demand is untimely, I may decide not to enforce it.

## III.   REQUIREMENTS FOR COURT CONFERENCES

      A.    **Status conference.** No later than two business days before the conference, the parties are directed to **file a letter on ECF** reporting on the status of the case, the nature of pending disputes (if any), and whether discovery is proceeding on schedule. If there are no pending disputes requiring court intervention, I will entertain a joint application to adjourn or cancel the conference. If the parties agree to discuss settlement at the status conference, the parties should also submit *ex parte* statements of settlement position as described in the next paragraph.

      B.    **Pretrial conference.** No later than two business days before the conference, each party must submit **an *ex parte* statement of its settlement position by fax (NOT ECF)** specifying the terms on which the party is willing to settle the case, whether those terms are negotiable, and an explanation of that position. These statements will be treated as confidential, and will not be docketed. Meaningful settlement discussions will occur at this conference;

clients or other persons with full settlement authority must be present or immediately available by telephone.

    C.    **Additional requirements for all conferences.**

    1.    All conferences will be in person unless otherwise ordered. Any request to conduct a conference by telephone must be made at least 48 hours before the scheduled start of the conference.

    2.    All conferences will start on time. Any attorney who does not arrive on time may be directed to obtain a transcript of the proceeding and provide it to the represented party to avoid prejudice to that party arising from proceedings conducted in its absence.

    3.    Counsel for each party must be fully familiar with the case and prepared to discuss the status of discovery, the party's current settlement position, and any unresolved issue in the case. A party's counsel of record may send substitute counsel only if the latter is fully prepared to discuss all of the matters described above.

    4.    If a conference cannot proceed due to counsel's failure to appear on time or unpreparedness to discuss the case, I will reschedule the conference and consider an order requiring the attorney responsible for the delay to reimburse the other participants' costs, including reasonable attorneys' fees.

## IV.    POST-DISCOVERY MATTERS

    A.    **Dispositive Motions Deadline.** The deadline for commencing dispositive motions is the date by which the **first** action must be taken to commence such a motion pursuant to the individual practices of the district judge to whom this case is assigned. As specified in the individual practice rules of the assigned district judge, that action will be either (a) submitting a letter requesting a pre-motion conference, (b) requesting an oral argument date from the district judge, (c) initiating the exchange of statements pursuant to Local Civil Rule 56.1, or (d) filing the notice of motion together with supporting papers. Each judge's individual rules can be found at www.nyed.uscourts.gov.

    B.    **Joint Pretrial Order Deadline.** The deadline for submitting a joint pretrial order is the date by which the parties must file a single document that reflects input from all parties and that fully complies with the individual practice requirements of the district judge to whom the case is assigned (not my individual practice requirements, unless the parties have unanimously agreed to refer the case to a magistrate judge for all purposes including the entry of judgment pursuant to 28 U.S.C. § 636(c)). If one party has completed its portion of the proposed pretrial order but cannot obtain input from an adversary, it must alert me to the problem before the deadline.

## V.   EXTENSIONS OF DEADLINES.

A.      **The deadlines in this order will be enforced.  In light of the history of this case, I will grant no further adjournments.**  Failure to comply with a deadline may result in the imposition of appropriate sanctions pursuant to Rules 16 and 37 of the Federal Rules of Civil Procedure, including a recommendation of dispositive relief (dismissal for failure to prosecute or the striking of an answer and entry of default).

B.      While the parties are encouraged to cooperate with each other in conducting discovery, they must not agree among themselves to any extensions or suspensions of discovery that will render them unable to meet any deadline set forth above.  Similarly, an agreement among the parties to discuss settlement will not excuse failure to comply with any deadline set forth above.  Parties wishing to suspend discovery or adjourn a deadline to promote settlement discussions must seek permission from the court.

C.      The fact that a party intends to seek summary judgment, standing alone, will not be considered good cause to alter or suspend the deadline for filing a joint pretrial order (if one is required pursuant to the individual rules of the assigned district judge) or to postpone a discussion of settlement at the pretrial conference.

## VI.   ELECTRONIC FILING AND CONTACT INFORMATION

A.      **Mandatory electronic filing.**  Pursuant to Administrative Order 2004-08, **all documents must be submitted electronically.**  Except as set forth in my Individual Practice Rules or in an order, any document submitted to chambers by mail or fax will be discarded.

B.      **Attorney appearance and registration.**  The attorney with primary responsibility for representation of each party must, as soon as possible and in no event later than the attorney's first appearance in court:

1.      file a Notice of Appearance on behalf of _each_ represented party; and

2.      register to receive electronic notification of every filing in the case via the court's ECF docketing system.

C.      **Current contact information.**  The attorney representing each party is under a continuing obligation to keep the court apprised of any changes in contact information including mailing addresses, email addresses, and daytime telephone numbers   by filing the appropriate Notice on ECF.

D.      **Redaction or deletion of personal data identifiers.**  All public filings on the electronic docket must omit or redact personal data identifiers, as set forth in Administrative Order 2004-09, a copy of which is available on the court's web site.  Where an otherwise public

4

document must include such information, the filing party must file a redacted version on the public docket and an unredacted version under seal.

**SO ORDERED:**

Dated: Brooklyn, New York
        February 5, 2008

                              /s/ James Orenstein
                              JAMES ORENSTEIN
                              United States Magistrate Judge

(718) 694-3892

April 2, 2008

**BY ECF**
Hon. James Orenstein
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    **Locicero v. New York City Transit Authority**
              CV-06-4793 (FB)(JO)

Dear Judge Orenstein:

      This office represents defendant in the above-entitled action. The purpose of this letter is to request assistance with respect to expert discovery in this action.

      In response to a request by the parties for an extension of the discovery deadline and as a result of a telephone conference with the parties, on February 5, 2008, the Court issued a "second amended case management and scheduling order." The amended order provided, inter alia that "All discovery, including the production of all expert reports, if any, to be completed by: March 31, 2008."

      Thereafter, plaintiff conducted lengthy depositions of six witnesses, defendant deposed plaintiff on three additional dates, and because of the factually complicated nature of this case, additional documents were produced by both parties. The final witness was deposed on March 27, 2008. This background leads to the reason for this letter.

      On Friday, March 28, 2008, plaintiff's counsel faxed to defense counsel a copy of an expert report from a psychiatrist and on Monday, March 31, 2008, an expert report from an accountant was faxed to defense counsel. At this point, obviously, in order to properly respond to plaintiff's experts, defendant would require time to locate two experts, enter a contract for services, have plaintiff examined by the psychiatrist, and time would be necessary for the preparation of expert reports. Because of accountability procedures at the Transit Authority (i.e., locating experts and formalizing a contract), the process is likely to take 30 to 45 days.

      Defendant will request summary judgment in this action and will request a rescheduling of the submission date for the joint pre-trial order (April 28, 2008) and the

pre-trial conference (May 5, 2008).  Further I will be actively engaged in a trial commencing before Judge Lynch on April 28 In Springle v. Metropolitan Transportation Authority, (U.S.D.C., S.D.N.Y., 06-CV-734) (2008 U.S. Dist. LEXIS 2875).  The time between now and April 28 will be primarily used for trial preparation.

        In any case, it is submitted that because the expert reports were served at the very end of discovery, either plaintiff should be precluded from using the reports or deadlines should be established for the completion of expert discovery.  This office does not object to the latter.  I have discussed this matter with Mr. Goldberg, and he has requested the opportunity to respond to this letter tomorrow.

        Thank you for your kind consideration in this matter.

        Sincerely,


        Robert K. Drinan
        Assistant General Counsel


**BY FAX (212-973-9577) AND MAIL**

cc:  Kenneth A. Goldberg, Esq.
    Goldberg & Fliegel LLP
    60 East 42nd Street, Suite 3421
    New York, New York 10165

(718) 694-3892

April 16, 2008

**BY ECF**

Hon. James Orenstein
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

Re:   **Locicero v. New York City Transit Authority**
       CV-06-4793 (FB)(JO)

Dear Judge Orenstein:

This office represents defendant in the above-entitled action. The purpose of this letter is to request, on behalf of both parties, a rescheduling of the submission date for the joint pretrial order (presently April 28, 2008) and the date for the pretrial conference (presently May 5, 2008 at 11 a.m.). It is noted that defendant will request summary judgment, and Judge Block has scheduled a pre-motion conference on June 13, 2008 at 11 a.m.

Briefly, fact discovery concluded on March 31, 2008. The parties have not yet received all the deposition transcripts and several witnesses have yet to review the transcripts of their testimony. Further, on Friday, March 28 and Monday, March 31, plaintiff's counsel faxed to the undersigned an expert psychiatric report and an accountant's report on plaintiff's purported economic loss. This office requested, inter alia, an extension of the discovery deadline to complete expert disclosure, and that request was denied on April 4, 2008. The parties have agreed to complete expert discovery, which will require that defendant retain two experts and depose plaintiff's experts. Until completion of expert disclosure, the parties are unable to fully assess the risks of litigation and the possibility of settlement. Further, it is respectfully submitted that the joint pretrial order cannot be fully completed until after completion of expert discovery.

Finally, I am commencing a trial on April 28 before Judge Lynch in Springle v. NYCTA, (U.S.D.C., S.D.N.Y, CV-06-0734) and on May 19, commence a hearing in Fishman v. NYCTA, at the New York State Division of Human Rights. It would be difficult to prepare the pre-trial order for the April 28 submission date and it is likely that I will be actually engaged in trial on May 5, the scheduled date for the pre-trial conference.

For these reasons, it is requested that the scheduled dates for submission of the joint pretrial order and the pretrial conference be rescheduled after resolution of the Rule 56 motion. If convenient for the Court, the parties could appear on June 13 after the conference with Judge Block to discuss any matters, including the expected motion and submission of the pre-trial order.

Thank you for your kind consideration in this matter.

Sincerely,


Robert K. Drinan
Assistant General Counsel


**By Fax (212-973-9577) and Mail**

cc:   Kenneth A. Goldberg, Esq.
      Goldberg & Fliegel LLP
      60 East 42nd Street, Suite 3421
      New York, New York  10165

Doc.#1068861                     2

(718) 694-3892

April 14, 2008

**BY ECF**

Hon. Frederick Block
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

Re:   **Locicero v. New York City Transit Authority**
      CV-06-4793 (FB)(JO)

Dear Judge Block:

This office represents defendant in the above-entitled action.  The purpose of this letter is to request a pre-motion conference for defendant's request for summary judgment and to request, with the consent of plaintiff's counsel,  a rescheduling of both the submission date for the joint pretrial order (presently April 28, 2008) and the date for the pretrial conference (presently May 5, 2008 at 11 a.m.).

This action involves claims of employment discrimination and a hostile work environment based on gender and age, as well as claims of retaliation. Briefly, plaintiff Loretta Locicero was employed by defendant New York City Transit Authority ("Transit Authority") in the civil service title of Associate Transit Management Analyst from 1976 with July 2004.[1]  In July 2004, plaintiff was given permission for a one year leave of absence.  During that absence, plaintiff was employed full time by the New York City Human Resources Administration ("HRA") in the civil service title of computer specialist software.  In September 2005, after a year's absence, plaintiff resigned from the Transit Authority and continued her employment at HRA.  Plaintiff remains employed by HRA.

-------------------

[1] From approximately October 2002 to October 2003, plaintiff held the title of computer specialist software ("CSS"), which she voluntarily relinquished in 2003.

The short factual background is that from 1997 through July 2004, plaintiff worked in the Capital Programs unit of the Department of Subways. Plaintiff filed an internal complaint in 2002 that she was not given a raise when appointed to the CSS because of her gender. The complaint was found unsubstantiated but is an issue in this case. Early in 2004, plaintiff unsuccessfully applied for the positions of Director of the Employee Facility Rehabilitation and Director of the Force Accounts. Men were appointed to both positions. Plaintiff claims the decision to appoint men to these positions was discriminatory. Plaintiff also complained about being denied internet access and a computer program, and she complains about an incident when her supervisor raised his voice to her. Plaintiff claims these events evidence gender/age discrimination, gender hostility and retaliation.

Defendant requests a pre-motion conference to establish a briefing schedule for a request for summary judgment. It is defendant's view that the undisputed, material facts do not support claims of a hostile work environment or retaliation. It is also our view that the undisputed, material facts fail to support claims that plaintiff was the most qualified candidate for the two director positions at issue. We understand that plaintiff does not agree with these views.

With respect to a briefing schedule as well as the dates for both submission of a joint pretrial order and a pretrial conference, fact discovery concluded on March 31, 2008. The parties have not yet received all the deposition transcripts and several witnesses have yet to review the transcripts of their testimony. Further, on Friday, March 28 and Monday, March 31, plaintiff's counsel faxed to the undersigned an expert psychiatric report and an accountant's report on plaintiff's purported economic loss. This office requested, inter alia, an extension of the discovery deadline to complete expert disclosure, and that request was denied by Judge Orenstein on April 4, 2008.

The parties have agreed to completion of expert discovery, which will require that defendant retain two experts and depose plaintiff's experts. It is noted that I am commencing a trial on April 28 before Judge Lynch in Springle v. NYCTA, (U.S.D.C., S.D.N.Y, CV-06-0734) and on May 19, commence a hearing in Fishman v. NYCTA, at the New York State Division of Human Rights.

For these reasons, it is requested a pre-motion conference be scheduled, and with plaintiff's consent, that the scheduled dates for submission of the joint pretrial order and the pretrial conference be cancelled and rescheduled after resolution of the Rule 56 motion. If the pre-motion conference is scheduled after May 22, all discovery should be completed and I will have finished the trial and hearing which are scheduled over the next few weeks.

Thank you for your kind consideration in this matter.

Sincerely,


Robert K. Drinan
Assistant General Counsel

**By Fax (212-973-9577) and Mail**

cc:    Kenneth A. Goldberg, Esq.
Goldberg & Fliegel LLP
60 East 42nd Street, Suite 3421
New York, New York  10165

(718) 694-3892

May 9, 2008

**BY ECF**

Hon. Frederick Block
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

Re:   **Locicero v. New York City Transit Authority**
        CV-06-4793 (FB)(JO)

Dear Judge Block:

This office represents defendant in the above-entitled action. A pre-motion conference is presently scheduled for June 13 to establish a briefing schedule for defendant's Rule 56 motion. In accordance with the rules of the Court, the joint pre-trial order must be submitted on May 30, 2008. The purpose of this letter is to request, with the consent of plaintiff's counsel, a rescheduling of the submission date for the joint pretrial order.

Although fact discovery was completed on March 31, 2008, plaintiff produced expert reports at the very end of the discovery period. Plaintiff's expert reports addressed damages -- purported economic loss and emotional injury. The parties agreed to complete expert disclosure, and defendant is in the process of retaining experts to address the contentions raised by plaintiff's experts. We note that plaintiff retired from the Transit Authority earning approximately $64,000, has worked continuously since (July 2004) at the New York City Human Resources Administration ("HRA"), has a substantially higher income at HRA, and continues to be a member of and pay into the same retirement system (NYCERS). Plaintiff's expert on economic loss estimates that plaintiff lost $971,000 apparently as a result of having failed to receive one or two promotions in 2004. Plaintiff also retained a psychiatric expert to support a claim for emotional damages, although she has never been treated in therapy.

At the pre-motion conference, this office will request permission to postpone further expert-related discovery until after resolution of the Rule 56 motion. The necessity of retaining an expert witness to counter plaintiff's expert report on economic issues may well be rendered moot, by the nature and scope of the Court's ruling in a Rule 56 motion. In addition, since it appears that front pay and back pay issues in this type of case are more properly addressed by the Court, and not a jury, (see Broadmax v. City of New Haven, 415 F.3d 265, 271 [2d Cir. 2005]), defendant may well re-assess whether it intends to present expert testimony. Resolution of the motion may obviate the necessity of conducting an independent psychological evaluation of plaintiff.

Because all discovery is not yet completed and because the pre-motion conference is scheduled June 13, it is requested that submission of the joint pre-trial order be deferred until and discussed at the June 13 conference, and that the Court consider defendant's request to postpone completion of expert disclosure until after the Rule 56 motion is resolved.

Thank you for your kind consideration in this matter.

Sincerely,


Robert K. Drinan
Assistant General Counsel

**By Fax (212-973-9577) and Mail**

cc:   Kenneth A. Goldberg, Esq.
      Goldberg & Fliegel LLP
      60 East 42nd Street, Suite 3421
      New York, New York  10165

(718) 694-3892

June 25, 2008

**BY ECF**

Hon. Frederick Block
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

Re:   **Locicero v. New York City Transit Authority**
        CV-06-4793 (FB)(JO)

Dear Judge Block:

This office represents defendant in the above-entitled action.  The purpose of this letter is to respectfully request that the Court reconsider the scheduled trial date (July 28, 2008) for this action.  The reason for the request is twofold: 1) to permit completion of expert discovery and to present the Court with a concise analysis of issues in a motion for summary judgment and 2) for personal, family related reasons.

A brief description of the claims in this action will explain the reason defendant's request that the trial be deferred, if necessary, until after resolution of a motion for summary judgment.  Plaintiff Loretta Locicero advances claims of employment discrimination (based on age and gender), hostile work environment and retaliation.  Briefly, plaintiff was employed by defendant New York City Transit Authority ("Transit Authority") in the civil service title of Associate Transit Management Analyst from 1976 with July 2004.[1]  In July 2004, plaintiff was given permission for a one year leave of absence.  During that absence, plaintiff was employed full-time by the New York City Human Resources Administration ("HRA") in the civil service title of computer specialist software.  In September

---

[1] From approximately October 2002 to October 2003, plaintiff held the title of computer specialist software ("CSS"), which she voluntarily relinquished in 2003.

2005, after a year's absence, plaintiff resigned from the Transit Authority and continued her employment at HRA. Plaintiff remains employed by HRA.

As is relevant to this action, from 1997 through July 2004, plaintiff worked in the Capital Programs unit of the Department of Subways. Plaintiff filed an internal complaint in 2002 that the failure to be given a 10% raise when she was appointed to the title of computer specialist was discriminatory. Plaintiff alleged in her complaint that a female director of human resources had denied her a salary increase based on gender. Early in 2004, plaintiff unsuccessfully applied for the positions of Director of the Employee Facility Rehabilitation and Director of the Force Accounts. Men were appointed to both positions. Plaintiff claims the decisions were discriminatory. Plaintiff also complained about being denied internet access, a computer program, and an incident when her supervisor raised his voice to her. Plaintiff claims these events evidence discrimination as well gender hostility and retaliation.

Many, if not all, issues are ripe for summary judgment, but even if full relief is not granted, the issues would be significantly narrowed for trial. As things stand in this litigation, plaintiff's claims are unfocused and expansive. Plaintiff's deposition lasted over four full days, largely because she avoided simple questions and provided convoluted answers which attempted to link every work experience with claims of discrimination or retaliation, or both. The many, unrelated work events, which included the failure to be given a computer program in 1998, a sarcastic note on a time sheet written because plaintiff ignored time and attendance rules, to a brief moment when her supervisor raised his voice (but never used words reflecting gender or age bias) because plaintiff had refused to complete a project for four months (which plaintiff describes as an assault) do not remotely support a claim of a hostile environment.

During her one year leave of absence from the Transit Authority, plaintiff worked full-time at HRA, ultimately earning significantly more than she had at Transit. After the year, plaintiff resigned from Transit and continues to work at HRA. Plaintiff claims a constructive discharge and both plaintiff's experts (psychiatric and economic) credit this claim. For one year while employed at the Transit Authority, plaintiff held the title of computer specialist, a title she relinquished after a year because she did not want to pay union dues. Plaintiff claims that she merited a 10% increase, a claim credited by her economic expert. Yet plaintiff's duties did not change and the appointment, a lateral move, occurred during a freeze imposed after 9/11. Defendant views these claims (hostile environment and constructive discharge) as appropriate for summary judgment.

Plaintiff also applied for two promotions to director positions, in 2004, but was not selected. In one interview, as evidenced by her own notes, plaintiff refused to respond to a question about how she could improve the unit for fear of "brain drain" i.e., her ideas would be used but she would not be given the job.

When asked the reason she wanted the job, plaintiff advised the senior director to read her cover letter. She was not offered the job. Plaintiff claims she was denied a director position because of her gender.

Assuming defendant is not fully successful on the motion, it is likely that a decision would narrow the issues for trial. Defendants view is that plaintiff's claims of hostile work environment and constructive discharge are not supported by the record. The day discovery closed, plaintiff faxed a list to defendant (copy enclosed) which purported to amend its Rule 26 disclosures and interrogatory responses by providing the names of 51 witnesses along with many categories of witnesses (ex., "all persons identified by witnesses", "all persons identified in documents", etc.), witnesses who would presumably testify at trial. Most of these witnesses would presumably testify about the myriad office events that plaintiff claims were hostile. It is submitted that a Rule 56 motion, which would permit review by the Court of the claims and evidence, rather than a motion in limine, would more appropriately define the issues for trial and clarify the relevant evidence. In the event plaintiff's failure to promote claim survives summary judgment, the triable issues would be narrowed and relevant witnesses would be limited.

Expert discovery has not been completed because plaintiff provided, for the first time, incomplete expert reports at the very end of discovery (the last day). Defendant had hoped to complete the expert phase (deposition and plaintiff's examination by a psychiatrist), if necessary, after resolution of the Rule 56 motion. Any ruling which narrows the issues would be relevant to the experts' opinion.

I have other significant obligations in the near future. Twelve depositions are presently scheduled in Hargett v. NYCTA, (S.D.N.Y., 06-CV-9095), at least six depositions in Byrd v. NYCTA (Kings Co., Sup. Ct., 601/05) (discovery to be concluded by court order on July 31) as well as a post hearing brief in an administrative matter, a discovery responses in Morales v. NYCTA, (E.D.N.Y., CV-05-4097), and other responsibilities. Some of the obligations are flexible, some are not (presently, there is no flexibility in Hargett or Byrd). This office will not have the time to prepare a Rule 56 motion in the instant action prior to the scheduled trial date. In addition, because of a complicated family situation, I had intended to take time in July and August to spend with my two sons. For these reasons, it is respectfully requested that the Court reschedule the trial of this matter, if necessary, until after resolution of a Rule 56 motion.

Thank you for your kind consideration in this matter.

Very truly yours,

Robert K. Drinan
Assistant General Counsel

**By Fax (212-973-9577) and Mail**

cc:   Kenneth A. Goldberg, Esq.
      Goldberg & Fliegel LLP
      60 East 42nd Street, Suite 3421
      New York, New York  10165