Kenneth A. Goldberg, Esq. (KG 0295)
**GOLDBERG & FLIEGEL LLP**
60 East 42nd Street, Suite 3421
New York, New York 10165
(212) 983-1077
Attorneys For Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| LORETTA LOCICERO, | : | |
| Plaintiff, | : | **No. 06-CV-4793 (FB) (JO)** |
| - against - | : | |
| NEW YORK CITY TRANSIT AUTHORITY, | : | |
| Defendant. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM OF LAW IN SUPPORT OF

## PLAINTIFF'S MOTION FOR RECONSIDERATION AND REARGUMENT

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

I.   THE STANDARD FOR RECONSIDERATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

II.  THE COURT SHOULD DENY SUMMARY JUDGMENT AS TO PLAINTIFF'S
     HOSTILE WORK ENVIRONMENT CLAIM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

     A.   Plaintiff's Hostile Work Environment Claim Is Well-Supported . . . . . . . . . . . . . 5

     B.   The Court Should Deny Summary Judgment On Plaintiff's Hostile Work
          Environment Claims Because Of The Evidence Of Retaliation Supporting Same
          . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

     C.   The Court Should Deny Summary Judgment On Plaintiff's Hostile Work
          Environment Claims Because Of The Evidence Of Discrimination Supporting
          Same . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

III. THE COURT SHOULD DENY SUMMARY JUDGMENT AS TO PLAINTIFF'S
     CONSTRUCTIVE DISCHARGE  CLAIM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

     A.   Plaintiff's Constructive Retaliatory Discharge Claim Is Well-Supported . . . . . . 7

     B.   The Court Should Deny Summary Judgment On Plaintiff's Retaliatory
          Constructive Discharge Claims Because Of The Evidence Of Retaliation . . . . . 9

IV.  THE COURT SHOULD EXPAND ITS STATED BASIS FOR DENYING SUMMARY
     JUDGMENT ON THE RETALIATION CLAIM WITH MORE INCIDENTS . . . . . . 10

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**PRELIMINARY STATEMENT**[1]

Plaintiff Loretta Locicero ("Plaintiff" or "Ms. Locicero"), by her attorneys Goldberg & Fliegel LLP, respectfully submits this Memorandum of Law in Support of her Motion for Reconsideration and Reargument. The Court should grant Plaintiff's motion and reconsider its grant of summary judgment as to Plaintiff's constructive discharge and hostile work environment claims, and deny summary judgment as to such claims. For the reasons discussed below, Plaintiff maintains that the Court has overlooked relevant caselaw and facts in support of Plaintiff's claims of constructive retaliatory discharge and retaliatory hostile work environment, and overlooked evidence of discrimination-based harassment supporting Plaintiff's claim of hostile work environment.

This Court granted summary judgment on Plaintiff's constructive discharge and hostile work environment claims primarily based on the Court's limited assessment of "discriminatory intent" in incidents that almost entirely involve statements or actions by supervisor Tim Forker. (Order at 10 ("'[t]hese incidents almost entirely involve statements or actions by Forker; because there is no evidence Forker was motivated by discrimination, his statements and actions cannot support a hostile work environment claim") and Order at 11 ("because Locicero has failed to establish a hostile work environment, she cannot make out a constructive discharge claim")).

**Retaliation Supporting Constructive Discharge and Hostile Work Environment Claims**

The Court failed to consider that Plaintiff's constructive discharge and hostile work environment claims can be brought to trial based upon retaliation, and that Plaintiff's retaliation

---

[1] Citations herein to "Pl. Br." and "Pl. Stmnt." are to Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment dated November 13, 2009 (Docket No. 61) and Plaintiff's Statement of Disputed Material Facts Pursuant to Local Rule 56.1 (Docket No. 62), respectively, which are incorporated herein by reference. Citations to "Order" are to the Court's Memorandum and Order filed on December 10, 2010, a copy of which is attached as Exhibit A hereto. Citations to "Tr." are to the excerpts from the Transcript of the Oral Argument Before The Honorable Frederick Block on November 30, 2010, a copy of which is attached as Exhibit B hereto.

claim is also based upon constructive discharge. Retaliation is a significant aspect of Plaintiff's claims, and Plaintiff has presented extensive and compelling evidence of retaliation.

First, it is undisputed that Plaintiff asserted retaliation as a basis for her claims of constructive discharge and hostile work environment. (Order at 10 ("Locicero bases her hostile work environment claim on 'repeated incidents of discrimination, harassment and retaliation'") (emphasis supplied) and Order at 11 (Plaintiff's constructive discharge claims are "based on the same alleged acts which she argued gave rise to her hostile work environment claim")).

Second, retaliation is a legally viable basis for such claims:

- Retaliatory hostile work environment is a cognizable claim. (Pl. Br. 16, 30; see e.g., Davis v. City of New York, No. 09 CV 669, 2010 WL 3895578 at *3 n. 3 (S.D.N.Y. Oct. 5, 2010) (Baer, J.) (a "retaliatory hostile work environment claim is similar [to a discriminatory hostile work environment claim], except that the disparate treatment must be motivated not by discrimination based on plaintiff's membership in a protected group, but by retaliation for a plaintiff's having engaged in a protected activity") (citation omitted)); and

- Constructive retaliatory discharge is a cognizable claim. (Pl. Br. 33; see, e.g., Terry v. Ashcroft, 336 F.3d 128, 151-153 (2d Cir. 2003) (denying motion for summary judgment on claims for both constructive discharge as well as retaliation, stating ""most of the incidents which [Plaintiff] cites as providing the basis for his constructive discharge claim, he had previously alleged were done to retaliate against him for his EEO complaints")).

Third, constructive discharge is an "adverse action" and a basis for a retaliation claim. (Pl. Br. 23; see, e.g., EEOC v. Thomas Dodge Corp., No. 07-CV-00988, 2009 WL 803150 at *12 n. 9 (E.D.N.Y Mar. 25, 2009) (Bianco, J.) (denying summary judgment on retaliation claim based on constructive discharge), citing Schiano v. Quality Payroll Sys., Inc., 445 F.3d 597, 608-09 (2d Cir.2006) (considering retaliatory constructive discharge claim) and Cioffi v. N.Y. Comm. Bank,

465 F.Supp.2d 202, 207-12 (E.D.N.Y.2006) (upholding jury verdict on retaliation claim based on constructive discharge).

Here, Plaintiff has extensive and compelling evidence of retaliation, as detailed in Plaintiff's opposition papers to Defendant's motion for summary judgment. (Order at 8-9). The Court should reconsider its grant of summary judgment as to Plaintiff's constructive discharge and hostile work environment claims by evaluating Plaintiff's evidence of retaliatory animus in the adverse employment actions taken against Plaintiff. The Court noted that Defendant has conceded that a jury could infer a causal connection between Plaintiff's protected activities and at least one adverse employment action taken by Defendant against her. (Order at 8-9).

The evidence of retaliatory intent, which the Court acknowledged, together with the evidence supporting the other elements of Plaintiff's prima facie case of hostile work environment and constructive discharge, is more than sufficient to defeat Defendant's motion for summary judgment on such claims. (See Points II and III below).

**Discriminatory Acts Supporting Plaintiff's Hostile Work Environment Claims**

Further, the Court failed to consider incidents of discriminatory sex- and age-based harassment by Osmond Ken Pearce and Craig Stewart (members of management) that support Plaintiff's claims of hostile work environment, and considered only incidents attributable to Forker. (Order at 10). Plaintiff respectfully maintains that the Pearce and Stewart incidents, detailed in Plaintiff's opposition papers, provide sufficient evidence to defeat Defendant's motion for summary judgment on Plaintiff's hostile work environment claims. (See Point II-C below).

**Retaliation Supporting Plaintiff's Retaliation Claims**

Plaintiff also respectfully requests that the Court's identification of evidence advanced by Plaintiff to support her claims of retaliation be expanded to reflect the record in this case—including constructive discharge. (See Point IV below). The Court's denial of summary judgment on Plaintiff's retaliation claim failed to reference such incidents. (Order at 8).

3

## BACKGROUND

Plaintiff's claims of discrimination, hostile work environment, retaliation and constructive discharge arise under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL").

As detailed in Plaintiff's memorandum of law on the motion for summary judgment, Plaintiff's hostile work environment claims are based on "repeated incidents of discrimination, harassment and <u>retaliation</u>." (Pl. Br. 17 (emphasis supplied)). Among the incidents of retaliatory adverse actions are the four incidents identified by the Court in its Order, including Mr. Forker's harassment and assault of Plaintiff. (Order at 8). The record reflects additional incidents of retaliatory adverse actions, including (1) the 2004 issuance of the letter of a formal denial of promotion to Director, Force Accounts (Pl. Stmnt. Pt. XVI), and (2) unlawful defamatory statements made by Mr. Stewart, Mr. Pearce and Mr. Forker in 2004 about Plaintiff, made to Plaintiff's co-workers, made in writing, and made to Defendant's EEO investigators, following Plaintiff's January 2004 "interview" for Director Force Accounts and following Plaintiff's February 2004 protected internal complaint (Pl. Stmnt. Point XVIII). (<u>See</u> Pl. Br. 18).

In fact, Plaintiff's constructive discharge claims are based on "numerous incidents of discrimination, harassment and <u>retaliation</u>." (Pl. Br. 33 (emphasis supplied) and also stating "[i]ncidents of . . . retaliation . . . can establish such a [constructive discharge] claim")).[2] These incidents of retaliation—including among others Mr. Forker's harassment and assault against Plaintiff in June 2004—caused Plaintiff to take a leave of absence in 2004 and separate from Defendant in 2005 when Defendant ordered Plaintiff to return to work for Mr. Forker. (<u>See</u> Pl. Br. 17-19, 21-23; Pl. Stmnt. Points XXVI, XXVIII).

---

[2] Plaintiff's claim of retaliation is based, in part, on unlawful constructive discharge as well. (<u>See, e.g.</u>, Pl. Stmnt. Point XXVIII, Pl. Br. 20 and Point IV below).

4

The Court granted summary judgment for Defendant on Plaintiff's hostile work environment claims on the limited grounds that the evidence (a) supported other of Plaintiff's stand-alone claims or (b) were not "motivated by <u>discrimination</u>." (Order at 10-11 (emphasis supplied)). The Court further stated that "because Locicero has failed to establish a hostile work environment, she cannot make out a constructive discharge claim, either." (Order at 11).

Notably, the Court denied summary judgment as to Plaintiff's discrimination and retaliation claims. As to Plaintiff's retaliation claim, the Court rested its denial of summary judgment on evidence of a single adverse incident and noted that it was therefore "unnecessary" to consider other alleged incidents of retaliatory conduct. (Order at 9). The Court noted that causation (and therefore retaliatory animus) could be inferred by the temporal proximity between Plaintiff's protected activity and the alleged retaliatory acts. (Order at 8). Thus, the Court found evidence of retaliatory intent sufficient to preclude summary judgment. (Order at 9).

## ARGUMENT

### POINT I

### THE STANDARD FOR RECONSIDERATION

A motion for reconsideration and reargument under Local Civil Rule 6.3 should "point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." <u>Shrader v. CSX Transp., Inc.</u>, 70 F.3d 255, 257 (2d Cir. 1995).

### POINT II

### THE COURT SHOULD DENY SUMMARY JUDGMENT AS TO PLAINTIFF'S HOSTILE WORK ENVIRONMENT CLAIM

A. **<u>Plaintiff's Hostile Work Environment Claim Is Well-Supported</u>**

Plaintiff respectfully urges the Court to reconsider Plaintiff's claims of hostile work environment by considering Plaintiff's evidence of retaliatory conduct (not only discriminatory conduct). Plaintiff respectfully maintains that full consideration of such evidence of retaliatory

5

conduct mandates the Court's denial of summary judgment as to Plaintiff's hostile work environment claims. In fact, the caselaw squarely supports Plaintiff's position on this issue.

The applicable legal standard is set out in Pl. Br. at 16. See also Davis, 2010 WL 3895578 at *3  n. 3  (a "retaliatory hostile work environment claim is similar [to a discriminatory hostile work environment claim], except that the disparate treatment must be motivated not by discrimination based on plaintiff's membership in a protected group, but by retaliation for a plaintiff's having engaged in a protected activity") (citation omitted); Thomas Dodge Corp., 2009 WL 803150 at *12  n. 9 (citing cases regarding retaliatory hostile work environment).

Here, in Plaintiff's opposition papers to Defendant's motion for summary judgment, Plaintiff cogently maintained that her hostile work environment claims were based on "repeated incidents of . . . retaliation." (Pl. Br. 17 (emphasis supplied); see also Pl. Br. 30). Further, Plaintiff presented extensive evidence of retaliatory adverse actions against her. Among the incidents of retaliatory adverse actions are the four incidents identified by the Court in its Order, including Mr. Forker's harassment and assault of Plaintiff. (Order at 8). The record reflects additional incidents of retaliatory adverse actions, including (1) the 2004 issuance of the letter of a formal denial of promotion to Director, Force Accounts (Pl. Stmnt. Pt. XVI), and (2) unlawful defamatory statements made in by Mr. Stewart, Mr. Pearce and Mr. Forker in 2004 about Plaintiff, made to Plaintiff's co-workers, made in writing, and made to Defendant's EEO investigators, following Plaintiff's January 2004 "interview" for Director Force Accounts and following Plaintiff's February 2004 internal complaint (Pl. Stmnt. Point XVIII).  (See Pl. Br. 18).

**B.     The Court Should Deny Summary Judgment On Plaintiff's Hostile Work Environment Claims Because Of The Evidence Of Retaliation Supporting Same**

Plaintiff respectfully urges the Court to reconsider its determination and hold that Plaintiff has presented sufficient evidence of a retaliatory hostile work environment to defeat Defendant's motion for summary judgment. The Court based its grant of summary judgment on Plaintiff's hostile work environment claims on an evaluation of Defendant's discriminatory—not retaliatory—intent. (Order at 10 ("because there is not any evidence—direct or indirect—that

Forker was motivated by discrimination, his statements and actions cannot support a hostile work environment claim")).[3] Plaintiff submits that the Court erred in dismissing Plaintiff's claim because Plaintiff has presented sufficient evidence of <u>retaliatory</u> hostile work environment, a viable legal theory, to defeat Defendant's motion for summary judgment. Because the Court should consider the evidence of retaliatory conduct, and because such evidence is compelling and supports Plaintiff's claims, the Court should deny summary judgment as to Plaintiff's hostile work environment claims.

C. **<u>The Court Should Deny Summary Judgment On Plaintiff's Hostile Work Environment Claims Because Of The Evidence Of Discrimination Supporting Same</u>**

Further, the Court failed to consider incidents of discriminatory sex- and age-based harassment by Mr. Pearce and Mr. Stewart that support Plaintiff's claims of hostile work environment (<u>see</u> Pl. Br. 18 at first, third, and seventh bullet points), and considered only incidents attributable to Mr. Forker. (Order at 10). Plaintiff respectfully maintains that the Pearce and Stewart incidents, detailed in Plaintiff's opposition papers, provide sufficient evidence to defeat Defendant's motion for summary judgment on Plaintiff's hostile work environment claims. (<u>See</u> Pl. Br. 18 at first, third, and seventh bullet points). Stewart, Forker and Pearce, high-level members of management, all acted on behalf of Defendant and, therefore, their conduct is imputed to Defendant as a matter of law.

## POINT III

## THE COURT SHOULD DENY SUMMARY JUDGMENT AS TO PLAINTIFF'S CONSTRUCTIVE DISCHARGE CLAIM

A. **<u>Plaintiff's Constructive Retaliatory Discharge Claim Is Well-Supported</u>**

Plaintiff respectfully urges the Court to reconsider Plaintiff's claims of constructive discharge given Plaintiff's evidence of constructive <u>retaliatory</u> discharge. Plaintiff respectfully

---

[3]The Court also noted that two incidents may support an inference of discriminatory intent but were stand-alone, and not hostile work environment, claims.

maintains that full consideration of such evidence of constructive retaliatory discharge mandates denial of summary judgment as to Plaintiff's constructive discharge claims.

The applicable legal standard is set out in Pl. Br. at 29, supported by citations including a citation to Terry v. Ashcroft, 336 F.3d 128 (2d Cir. 2003) (denying motion for summary judgment on claims for both constructive discharge as well as retaliation, stating "most of the incidents which [Plaintiff] cites as providing the basis for his constructive discharge claim, he had previously alleged were done to retaliate against him for his EEO complaints"); see also Thomas Dodge Corp., 2009 WL 803150 at *12 n. 9 (collecting cases regarding constructive retaliatory discharge).

In Plaintiff's opposition papers to Defendant's motion for summary judgment, Plaintiff cogently maintained that Plaintiff's constructive discharge claims were based on "numerous incidents of discrimination, harassment and retaliation." (Pl. Br. 33 (also stating "[i]ncidents of . . . retaliation . . . can establish such a [constructive discharge] claim")). At oral argument, Plaintiff's counsel stated: "Well, it is a claim that is based upon . . . the incidents of discrimination, retaliation, and it is a claim that gives rise to damages." (Tr. 35). The Court noted that "Locicero bases her hostile work environment claim on 'repeated incidents of discrimination, harassment and retaliation.'" (Order at 10).

Plaintiff also presented extensive evidence of retaliatory adverse actions against her. Among the incidents of retaliatory adverse actions are the four listed incidents in the Order at 8, including Mr. Forker's June 3, 2004 assault and threat of violence against Plaintiff. (Compl. ¶ 102; Pl. Stmnt. Points XXII, XXVII; see also Pl. Br. 29-30). The record shows additional incidents of retaliatory adverse actions: (1) the 2004 issuance of the letter of a formal denial of promotion to Director, Force Accounts (Pl. Stmnt. Pt. XVI); and (2) unlawful defamatory statements made by Mr. Stewart, Mr. Pearce and Mr. Forker in 2004 about Plaintiff, made to Plaintiff's co-workers, made in writing, and made to Defendant's EEO investigators, following

Plaintiff's January 2004 "interview" for Director Force Accounts and following Plaintiff's February 2004 internal complaint (Pl. Stmnt. Point XVIII). (See Pl. Br. 29-30).

Because of these and other severe and pervasive incidents, Plaintiff had no choice but to take a leave of absence in 2004. She continued to pursue her internal and external complaints. In 2005, when Plaintiff's leave of absence expired, she sought to return to work for Defendant in a position away from Mr. Forker and others who had maliciously violated her rights and to a position that would allow her to advance her career. Defendant essentially offered Plaintiff an entry level, dead-end job with no prospect for advancement, knowing it was unacceptable to her. The position was not comparable to Plaintiff's position with Defendant prior to her leave of absence. In September 2005, Defendant by letter ordered Plaintiff to return to work for Mr. Forker, who had harassed and assaulted her, and such order was effectively the "last straw" in constructively discharging Plaintiff. (See Pl. Br. 17-19, 21-23; Pl. Stmnt. Points XXVI, XXVIII).

B.  **The Court Should Deny Summary Judgment On Plaintiff's Retaliatory Constructive Discharge Claims Because Of The Evidence Of Retaliation**

Plaintiff respectfully urges the Court to reconsider its determination and hold that Plaintiff has presented sufficient evidence of constructive retaliatory discharge to defeat Defendant's motion for summary judgment. The Court overlooked this viable legal theory and dismissed Plaintiff's constructive discharge claim based on an evaluation of "discriminatory intent." Specifically, the Court dismissed the hostile work environment claim based on lack of discriminatory intent and stated that "because Locicero has failed to establish a hostile work environment, she cannot make out a constructive discharge claim, either." (Order at 10-11).

For the reasons detailed above, because the Court should consider the evidence of constructive retaliatory discharge, and because such evidence supports Plaintiff's claims, the Court should deny summary judgment as to Plaintiff's constructive retaliatory discharge claims.

## POINT IV

### THE COURT SHOULD EXPAND ITS STATED BASIS FOR DENYING SUMMARY JUDGMENT ON THE RETALIATION CLAIM WITH MORE INCIDENTS

Plaintiff respectfully requests that the Court reconsider and expand its list of four items that the Court identified as the basis for Plaintiff's retaliation claims. (Order at 8). The record shows additional incidents of adverse actions: (1) the 2004 issuance of the letter of a formal denial of promotion to Director, Force Accounts (Pl. Stmnt. Point XVI); and (2) unlawful defamatory statements made by Mr. Stewart, Mr. Pearce and Mr. Forker in 2004 about Plaintiff, made to Plaintiff's co-workers, made in writing, and made to Defendant's EEO investigators, following Plaintiff's January 2004 "interview" for Director Force Accounts and following Plaintiff's February 2004 internal complaint (Pl. Stmnt. Point XVIII). Further, Plaintiff has expressly alleged that her retaliation claim is supported by evidence of constructive discharge. (Pl. Br. 23 (final bullet point)), a viable ground. See, e.g., Cioffi, 465 F.Supp. 2d 202, 207-212; see also Thomas Dodge Corp., 2009 WL 803150 at *12 n. 9 (collecting cases). Such adverse actions, including evidence of constructive discharge, support Plaintiff's retaliation claims.

## CONCLUSION

For the reasons set forth above, the Court should reconsider its grant of summary judgment as to Plaintiff's claims of constructive discharge and hostile work environment and deny summary judgment as to such claims, and award such other relief as the Court may deem just and proper.

Dated: New York, New York
January 13, 2011

                GOLDBERG & FLIEGEL LLP
                By:   /s/ Kenneth A. Goldberg
                     Kenneth A. Goldberg (KG 0295)
                60 East 42nd Street, Suite 3421
                New York, New York 10165
                (212) 983-1077
                Attorneys for Plaintiff